| | |
|---|---|
| STATE OF MINNESOTA<br>COUNTY OF HENNEPIN | DISTRICT COURT<br>FOURTH JUDICIAL DISTRICT<br>CASE TYPE: WRONGFUL DEATH |

| | |
|---|---|
| Ellison Cullinan, as trustee for the<br>heirs and next-of-kin of Steven Cullinan,<br><br>Plaintiff(s),<br><br>vs.<br><br>Michael Wojciehowski, Decoy Transport,<br>LLC, and Menard, Inc.,<br><br>Defendant(s). | Court File No.:<br>Judge:<br><br><br><br><br>**SUMMONS** |

**THIS SUMMONS IS DIRECTED TO THE ABOVE-NAMED DEFENDANTS.**

    1.    **YOU ARE BEING SUED.** The Plaintiff has started a lawsuit against you. The Plaintiff's Complaint against you is attached to this Summons. Do not throw these papers away. They are official papers that affect your rights. You must respond to this lawsuit even though it may not yet be filed with the Court and there may be no court file number on this Summons.

    2.    **YOU MUST REPLY WITHIN TWENTY (20) DAYS TO PROTECT YOUR RIGHTS.** You must give or mail to the person who signed this Summons **a written response** called an Answer within twenty (20) days of the date on which you received this Summons. You must send a copy of your Answer to the person who signed this Summons located at:

        Pritzker Hageman, P.A.
        PwC Plaza, Suite 2950
        45 South Seventh Street
        Minneapolis, MN  55402

    3.    **YOU MUST RESPOND TO EACH CLAIM.** The Answer is your written response to the Plaintiff's Complaint. In your Answer you must state whether you agree or disagree with each paragraph of the Complaint. If you believe the Plaintiff should not be given everything asked for in the Complaint, you must say so in your Answer.

    4.    **YOU WILL LOSE YOUR CASE IF YOU DO NOT SEND A WRITTEN RESPONSE TO THE COMPLAINT TO THE PERSON WHO SIGNED THIS SUMMONS.** If you do not Answer within twenty (20) days, you will lose this case. You will not get to tell your side of the story, and the Court may decide against you and award the Plaintiff everything asked for in the Complaint. If you do not want to contest the claims stated in the Complaint, you do not need to respond. A default judgment can then be entered against you for the relief requested in the complaint.

    5.    **LEGAL ASSISTANCE.** You may wish to get legal help from a lawyer. If you do not have a lawyer, the Court Administrator may have information about places where you can

1

get legal assistance.  **Even if you cannot get legal help, you must still provide a written Answer to protect your rights or you may lose the case.**

      6.    **ALTERNATIVE DISPUTE RESOLUTION.**  The parties may agree to or be ordered to participate in an alternative dispute resolution process under Rule 114 of the Minnesota General Rules of Practice.  You must still send your written response to the Complaint even if you expect to use alternative means of resolving this dispute.

Dated: May 31, 2019                                    PRITZKER HAGEMAN, P.A.

By: _____
Fred Pritzker (#88456)
Eric Hageman (#258180)
Attorneys for Plaintiff
2950 PwC Plaza
45 South Seventh Street
Minneapolis, MN 55402-1652
(612) 338-0202
fhp@pritzkerlaw.com
eric@pritzkerlaw.com

| | |
|---|---|
| STATE OF MINNESOTA<br>COUNTY OF HENNEPIN | DISTRICT COURT<br>FOURTH JUDICIAL DISTRICT<br>WRONGFUL DEATH |

Ellison Cullinan, as trustee for the
heirs and next-of-kin of Steven Cullinan,

               Plaintiff,

vs.

Michael Wojciehowski,
Decoy Transport, LLC
and Menard, Inc.,

               Defendants.

Case No.:
Judge:

**COMPLAINT**

Plaintiff, for her claims for relief, states and alleges that:

1. This is an action for damages arising out of the death of Steven Cullinan, who was killed on April 20, 2019 in Hennepin County, Minnesota, when a tractor-trailer operated by Defendant Michael Wojciehowski crossed a highway median and struck Cullinan's vehicle head-on at highway speed.

2. Plaintiff Ellison Cullinan is the surviving spouse of Steven Cullinan and is the lawfully appointed trustee to maintain the above-captioned wrongful death claim on behalf of the heirs and next-of-kin of Steven Cullinan.

3. At all times material herein, Defendant Wojciehowski, the driver of the tractor-trailer which struck and killed Cullinan, was a resident of the City of Coon Rapids, County of Anoka, State of Minnesota.

4. Upon information and belief, at all times material herein, the tractor involved in the collision was owned by Defendant Decoy Transport, LLC ("Decoy Transport") a business duly organized and existing in the State of Minnesota with its principal place of business located in the City of Coon Rapids, County of Anoka, State of Minnesota.

5. Upon information and belief, at all times material herein, Defendant Menard, Inc., a Wisconsin business corporation, owned the trailer being hauled by defendant

1

Wojciehowski on April 20, 2019 and hired Wojciehowski and/or Defendant Decoy Transport as an independent contractor to transport goods using its trailer.

6. On or about April 20, 2019, at the direction of Defendant Menard, Inc., Defendant Wojciehowski was en route to the Menards store located at 1415 County Rd 134 in Buffalo, Minnesota to pick up goods for transport, pursuant to an agreement between Defendants Wojciehowski and/or Decoy Transport and Menard, Inc.

7. Upon information and belief, at the time of the crash on April 20, 2019, and at all times material herein, Defendant Wojciehowski was an employee, agent, representative and/or servant of Defendant Decoy Transport and/or Defendant Menard, Inc., acting within the course and scope of his employment or agency.

8. At all times material herein, Defendant Decoy Transport and Defendant Wojciehowski were agents of Defendant Menard, Inc. and were acting within the scope and course of that agency.

9. At all times material herein, Defendant Decoy Transport and Defendant Menard, Inc. acted in a joint enterprise. Defendant Menard, Inc. is liable for the actions of Defendant Decoy Transport and its employee/agent Defendant Wojciehowski.

10. In addition to liability for their own negligent acts described herein, Defendants Decoy Transport and Menard, Inc. are also liable for the actions of Wojciehowski under the doctrines of respondeat superior, agency or vicarious liability.

11. As a result of the Defendants' relationships with one another, Defendants are all individually, jointly and severally liable for all damages alleged in this Complaint. In all instances where it is alleged that Defendants had knowledge of certain facts or events, Defendants acquired such knowledge directly or such knowledge is imputed to all Defendants as a result of the actual knowledge acquired by Defendants.

12. Plaintiff demands a jury trial as to all issues of fact herein.

## Jurisdiction and Venue

13. The April 20, 2019 crash occurred in Hennepin County, Minnesota. As such, this Court has jurisdiction over this matter and over the claims herein.

14. Under Minn. Stat. Sec. 542.095, venue is proper in Hennepin County, as it was the location of the crash at issue on April 20, 2019. venue is proper in Hennepin County, Minnesota.

15. At all relevant times herein, Defendant Wojciehowski was subject to various state and federal statutes pertaining to motor carrier safety, as well as regulations promulgated by the United States Department of Transportation, Federal Motor Carrier Safety Administration.

16. The federal safety regulations found at 49 CFR §§ 301-399 are commonly referred to as the "Federal Motor Carrier Safety Regulations" (or "FMCSRs") and are directly applicable to the facts of this case.

17. Defendant Decoy Transport was also subject to these safety regulations at the time of the crash and at all relevant times prior to the crash, pursuant to 49 CFR § 390.3(e), which requires motor carriers to comply with the Federal Motor Carrier Safety Regulations (FMCSRs).

18. Minn. Stat. § 221.605 requires interstate motor carriers to comply with these federal motor carrier safety regulations.

19. At the time of the April 20, 2019 crash, decedent Steven Cullinan was a member of the class of persons said statutes and regulations were intended to protect.

20. Upon information and belief, in the two years prior to the crash of April 20, 2019, Defendant Wojciehowski had received multiple driving citations or inspection violations and had been involved in one or more vehicular accidents.

21. Upon information and belief, on or about October 30, 2018, Defendant Wojciehowski was involved in an accident in Coon Rapids, Minnesota in which he drove his tractor-trailer off the road and crashed. At the time of the crash, Defendant Wojciehowski did not possess

a valid Commercial Vehicle License, in violation of 383.23(a)(2) of the Federal Motor Carrier Safety Regulations.

22. A post-crash commercial vehicle inspection identified numerous violations with the tractor-trailer Wojciehowski was operating, including the following:

a. Steering System Components Worn, Welded, or Missing (in violation of 393.209(d) of the FMCSRs)
b. No or Defective Lighting Devices or Reflective Material As Required (393.11)
c. Brake Hose or Tubing Chafing And/Or Kinking (393.45(b)(2))
d. Clamp or Roto Type Brake Out-Of-Adjustment (393.47(e))
e. Brakes - Missing or Broken Components Including Pad Retaining Components and Loose or Missing Caliper Mounting Bolt(s) (393.48(a))
f. CMV Manufactured After 10/19/94 Has An Automatic Airbrake Adjustment System That Fails To Compensate For Wear (393.53(b))
g. Inoperative Brake Lamps (393.9(a))
h. Inoperable Tail Lamp (393.9(a))
i. Inoperative Turn Signal (393.9(a))

23. On December 19, 2018, Wojciehowski pled guilty to Operating a CMV without a CDL, as indicated in the Register of Actions for Anoka County Case No. 02-CR-18-7264

| | |
|---|---|
| 12/19/2018 | **Disposition**<br>1. CMV - Operated CMV without CDL that meets standards of State or jurisdiction of domicile<br>   Convicted<br>2. EXPIRED REGISTRATION<br>   Dismissed |
| 12/19/2018 | **Payable without appearance**<br>1. CMV - Operated CMV without CDL that meets standards of State or jurisdiction of domicile<br>10/30/2018 (MSD) 49 CFR 383.23(a)(2) (49CFR38323a2) |

24. On December 19, 2017, Defendant Wojciehowski was also cited for Operating a CMV without a CDL. On March 8, 2018, Wojciehowski reached an agreement to plead guilty to a seatbelt violation in exchange for dismissal of the no CDL charge, as indicated in the Register of Actions for Hennepin County Case No. 27-CR-18-41.

| | |
|---|---|
| 03/08/2018 | Disposition (Judicial Officer: Brasel, Nancy)<br>1. CMV - Operated CMV without CDL that meets standards of State or jurisdiction of domicile<br>   Dismissed<br>2. Trucking Regulation - Seatbelt violation in a commercial vehicle<br>   Convicted |
| 03/08/2018 | Sentenced (Judicial Officer: Brasel, Nancy)<br>2. Trucking Regulation - Seatbelt violation in a commercial vehicle<br>12/19/2017 (PMD) 49 CFR 392.16 (49CFR39216) |

25. Records maintained by the Federal Motor Carrier Safety Administration reveal that Decoy Transport had been inspected four times in the twenty-four month period preceding the crash which killed Steven Cullinan. 75% of the driver inspections resulted in the driver being placed out of service, a rate 15 times greater than the national average. Moreover, 100% of the vehicle inspections resulted in the vehicle being placed out of service, a rate five times greater than the national average, as shown in the table below:

|  | Inspections: | |
| --- | --- | --- |
| Inspection Type | Vehicle | Driver |
| Inspections | 2 | 4 |
| Out of Service | 2 | 3 |
| Out of Service % | 100% | 75% |
| Nat'l Average % (2009-2010) | 20.72% | 5.51% |

26. Defendants Decoy Transport and Menard, Inc. knew or should have known of Defendant Wojciehowski's poor driving record which rendered him unqualified to operate a tractor-trailer.

27. Defendant Menard, Inc. knew or should have known of the history of equipment failures, maintenance issues and driver qualification problems of Decoy Transport and Wojciehowski.

28. The combined negligence of all of the Defendants directly and proximately caused the April 20, 2019 crash and the death of Steven Cullinan.

### The crash which killed Steven Cullinan

29. On April 20, 2019, at approximately 10:45 a.m., decedent Steven Cullinan was driving a vehicle eastbound on MNTH 55 near Rebecca Park Trail in Greenfield, Hennepin County.

30. At the same time and place, Defendant Wojciehowski was driving a tractor-trailer westbound on MNTH 55 near Rebecca Park Trail in Greenfield, Hennepin County, on his way to Menards to retrieve goods for transport.

31. Defendant Wojciehowski's negligence in the operation of the tractor-trailer he was driving caused a head-on collision with the vehicle being driven by Steven Cullinan, killing Cullinan.

32. Defendant Wojciehowski crossed the highway median and struck Cullinan's vehicle, as noted in the Minnesota State Patrol crash report:

> THE DRIVER OF V1 WAS STRUCK AND KILLED BY V2.
>
> WITNESSES STATED THAT V1 WAS IN THE RIGHT LANE OF EASTBOUND HWY 55. WITNESSES STATED THAT V2 DROVE WESTBOUND OVER THE CONCRETE RAISED MEDIAN INTO THE EASTBOUND LANES AND STRUCK V1 IN THE RIGHT LANE.

33. The crash scene can be seen in the diagram in the Minnesota State Patrol crash report, which shows the path followed by Wojciehowski's vehicle as it crossed the median into the path of oncoming traffic.



34. The devastating impact of the crash can be seen in the post-crash photographs below, which depict the near total destruction of the vehicle being operated by Steven Cullinan:







35. Following the collision, a commercial vehicle inspection conducted by the Minnesota State Patrol identified numerous violations in the tractor-trailer being operated by Defendant Wojciehowski, including the following violations which were NOT caused by the crash:

   a. Failing to display the carrier name and USDOT number in violation of 390.21(b) of the Federal Motor Carrier Safety Regulations (FMCSRs)
   b. State Vehicle Registration or License Plate (393.203)
   c. Stop Lamp Violations (393.25(f))
   d. Brake Hose or Tubing Chafing And/Or Kinking (393.45(b)(2))
   e. Inoperative/Defective Brakes (393.48(a))
   f. Improper Exhaust System Repair (Patch/Wrap) (393.83(f))
   g. Inoperable Required Lamp (393.9(a))
   h. Inoperative Brake Lamps (393.9(a))
   i. Driver Failing to Retain Previous 7 Days Records of Duty Status (395.8(k)(2))
   j. Operating A CMV Without Proof of a Periodic Inspection (396.17(c))

**Defendants' Disregard for Safety Requirements With Which They Had Agreed to Comply**

36. On or before April 20, 2019, Defendants Decoy Transport and Wojciehowksi both displayed disregard for a variety of federal safety rules which all professional truck drivers and motor carriers are required to follow.

37. Before being allowed to operate as a commercial motor carrier, Defendant Decoy Transport submitted a MCS-150 to the Federal Motor Carrier Administration on March 25,

2014, obtaining a USDOT number, which allowed Decoy Transport to operate commercial motor vehicles on the public roadways.

38. In exchange for obtaining this privilege, Decoy Transport was required to make certain safety-related certifications and verifications. For example, Defendant Decoy Transport was required to complete a "Safety Certification" as part of the Form OP-1 it submitted to the Federal Motor Carrier Safety Administration, on which it certified that it was subject to all pertinent portions of the U.S. DOT's Federal Motor Carrier Safety Regulations.

39. In addition, as part of the "Safety Certification" it made on the Form OP-1, Defendant Decoy Transport certified to the FMCSA that it had access to, and was familiar with, all applicable U.S. DOT regulations relating to the safe operation of commercial vehicles and, moreover, that it would comply with those regulations.

40. Defendant Decoy Transport specifically certified to the FMCSA that, at a minimum, it:

   a. had in place a system and an individual responsible for ensuring overall compliance with the FMCSR;
   b. could produce a copy of the FMCSR;
   c. had in place a driver safety training/orientation program;
   d. was familiar with DOT regulations governing driver qualifications and had in place a system for overseeing driver qualification requirements (49 CFR Parts 391); and,
   e. had in place policies and procedures consistent with DOT regulations governing driving and operational safety of motor vehicles;

41. Similarly, before being allowed to operate a commercial motor vehicle on the public highways, Defendant Wojciehowksi was required to comply with federal safety requirements, including that he had sufficient experience and/or training to safely operate large tractor-trailers; was physically qualified to do so; had a currently valid CDL, and could furnish a list of his current driving violations.

42. Pursuant to federal safety regulations, Defendants Decoy Transport and Menard, Inc. were not allowed to permit Defendant Wojciehowski to operate commercial motor vehicles until Defendants had obtained Wojciehowski's motor vehicle record from the applicable

state agency for the previous 3 years and investigated his safety performance history with all DOT-regulated employers for the previous 3 years.

43. Moreover, Wojciehowski was required to submit a written list of all traffic violations he had received every twelve months and Defendants were required to maintain a copy of the record in Wojciehowski's qualification file.

44. Defendants Menard, Inc. and Decoy Transport both failed to properly qualify Defendant Wojciehowski and/or Decoy Transport and failed to ensure Wojciehowski could safely operate the tractor-trailer he was operating on April 20, 2019, thereby violating federal motor carrier regulations.

45. Defendants failed to have adequate training programs for drivers and failed to have ongoing refresher training.

46. Defendants Menard, Inc. and Decoy Transport both failed to have or enforce a reasonably careful and prudent risk management plan or system to identify dangers – including, but not limited to, drivers with poor driving histories - and reduce or eliminate them.

47. Defendants Menard, Inc. and Decoy Transport owed the public, including Steven Cullinan, duties of reasonable care in hiring, contracting with and/or retaining qualified drivers to operate tractor-trailers to haul goods for Menard, Inc.

48. Defendants Menard, Inc. and Decoy Transport are directly liable to Plaintiff for their own acts and failures to act, and are also vicariously liable for the acts of Defendant Wojciehowski.

49. As a result of the death of Steven Cullinan, his heirs have suffered the loss of his guidance, counsel, aid, comfort, assistance, protection and means of support, have paid out certain sums of money providing for a proper funeral and burial, and have otherwise suffered damages and pecuniary loss, all to their damage in an amount greater than Fifty Thousand Dollars ($50,000.00).

## COUNT ONE – NEGLIGENCE OF DEFENDANT WOJCIEHOWSKI

50. Plaintiff realleges and incorporates herein by reference the allegations contained in the preceding Paragraphs of this Complaint as if set forth herein in their entirety.

51. At the time of the crash on April 20, 2019, Defendant Wojciehowski failed to exercise due care by driving the tractor-trailer carelessly and recklessly, disregarding the actual and potential hazards then existing. N.D.C.C. § 39-08-03.

52. At the time of the crash at issue, Defendant Wojciehowski owed certain duties to members of the general public, including Steven Cullinan.

53. As a professional commercial truck driver, Defendant Wojciehowski had a duty to operate his tractor-trailer in a safe, reasonable, prudent and cautious fashion under the circumstances and in conformance with all ordinances, statutes and the common law so as to avoid causing risk of injury to others, including Steven Cullinan.

54. Due to his negligent and reckless actions, Defendant Wojciehowski failed to obey the duties, statutes, laws and regulations imposed upon him.

55. The damages sustained by Plaintiff by virtue of the wrongful death of Steven Cullinan were directly and proximately caused by Defendant Wojciehowski's negligence, combined and concurring with the negligence of Defendants Decoy Transport and Menard, Inc., including, but not limited to, the following negligent acts and/or omissions by Defendant Wojciehowski:

   a. Negligently and recklessly failing to operate a motor vehicle with due care and caution;
   b. Negligently and recklessly failing to operate a motor vehicle with due regard for traffic and surface conditions;
   c. Negligently and recklessly failing to keep such lookout as a person of ordinary prudence would keep under the same or similar circumstances;
   d. Negligently and recklessly failing to maintain control at all times while upon a highway;
   e. Negligently and recklessly failing to stay in the appropriate and proper lane of travel;
   f. Negligently and recklessly operating a motor vehicle at a speed greater than would allow him to stop within the assured clear distance ahead and greater than was reasonable and prudent under the circumstances;

    g.    Negligently and recklessly failing to have a motor vehicle equipped with adequate and proper brakes so that it could be brought to a stop within a proper distance;

    h.    Negligently and recklessly failing to apply the brakes on his vehicle in a timely manner so as to avoid a collision;

    i.    Negligently and recklessly driving while distracted;

    j.    Negligently and recklessly failing to take appropriate evasive action;

    k.    Negligently and recklessly failing to properly inspect his vehicle;

    l.    Negligently and recklessly operating a tractor-trailer when his state of alertness was so impaired as to make it unsafe for him to operate the tractor-trailer at the time of the crash;

    m.    Negligently and recklessly operating a commercial motor vehicle with serious safety defects; and

    n.    Engaging in other acts of negligence or violations of law as may be disclosed through further discovery.

56. Each of these acts and omissions by Defendant Wojciehowski, combined and concurring with the acts and omissions of Defendants Decoy Transport and Menard, Inc., directly and proximately caused the death of Steven Cullinan and the resulting damages suffered by his heirs and next of kin, including Plaintiff.

57. As a result of the death of Steven Cullinan, his heirs have suffered the loss of his guidance, counsel, aid, comfort, assistance, protection and means of support, have paid out certain sums of money providing for a proper funeral and burial, and have otherwise suffered damages and pecuniary loss, all to their damage in an amount greater than Fifty Thousand Dollars ($50,000.00).

### COUNT THREE – NEGLIGENT SELECTION OF INDEPENDENT CONTRACTOR – MENARD, INC.

58. Plaintiff realleges and incorporates herein by reference the allegations contained in the preceding Paragraphs of this Complaint as if set forth herein in their entirety.

59. Defendant Menard, Inc. hired an incompetent contractor for whose negligent acts it is responsible.

60. Defendant Menard, Inc. had a duty to exercise reasonable care in the selection of a competent and careful independent contractor to move freight and haul goods using its trailer.

61. Defendant Menard, Inc. was negligent in hiring, contracting with and/or retaining Defendant Decoy Transport and/or Defendant Wojciehowski to transport goods on its trailer and

any negligence of Decoy Transport in hiring, contracting with and/or retaining Defendant Wojciehowski as a driver was entirely foreseeable to Menard, Inc.

62. Defendant Menard, Inc., by engaging with, employing, hiring, retaining or utilizing an independent contractor with either actual or constructive knowledge that the contractor does not possess that measure of skill required for the proper performance of the work is liable for negligence in hiring the independent contractor.

63. Upon information and belief, when Menard, Inc. agreed to allow Decoy Transport and/or Wojciehowski to haul goods, it knew or should have known that Decoy Transport employed unqualified drivers, including Wojciehowski.

64. As a direct result of Defendant Menard Inc.'s negligence in selecting and retaining Decoy Transport and/or Wojciehowski as an independent contractor, combined and concurring with the negligence of Defendants Decoy Transport and Wojciehowski, Defendant Menard Inc.s negligence was a proximate cause of the death of Steven Cullinan and Plaintiff sustained damages as described in the preceding paragraphs.

### COUNT THREE - NEGLIGENT HIRING, TRAINING, ENTRUSTMENT AND RETENTION – DEFENDANTS DECOY TRANSPORT AND MENARD, INC.

65. Plaintiff re-adopts and re-alleges the preceding paragraphs in this Complaint as if fully set out herein.

66. Defendants owed a duty to Steven Cullinan and other members of the public to entrust the tractor-trailer involved in the crash at issue to a reasonable, prudent person who could drive with care and circumspection so as to reasonably protect the safety, health, and life of Steven Cullinan and other motorists on the public roadways.

67. Defendants owed the general public, including Steven Cullinan, a duty to properly, diligently and adequately screen Defendant Wojciehowski in order to determine his qualifications and to promulgate and enforce adequate safety rules, regulations, procedures, guidelines, and/or policies.

68. Notwithstanding these duties, Defendants are liable to the heirs and next-of-kin of Steven Cullinan for the following negligent acts and/or omissions:

    a. Failing to train, educate, and/or advise Defendant Wojciehowski with regard to safe driving practices;
    b. Entrusting the tractor-trailer at issue to Defendant Wojciehowski, when Defendants knew, or should have known, that by reason of inexperience, prior accident history, driving record and lack of skill and/or judgment, he was not qualified to operate the tractor-trailer in a safe and prudent manner;
    c. Failing to formulate appropriate policies, training, and systems to reduce the risks to members of the public, such as Steven Cullinan, from hazardous driving; and,
    d. Engaging in other acts of negligence or violations of law as may be disclosed through further discovery.

69. The negligent acts and omissions described above directly and proximately caused the crash which led to Steven Cullinan's death and the damages suffered by his heirs and next-of-kin, as described in the preceding paragraphs.

### COUNT FOUR - NEGLIGENT MAINTENANCE – DEFENDANTS DECOY TRANSPORT AND WOJCIEHOWSKI

70. Plaintiff realleges and incorporates herein by reference the allegations contained in the preceding Paragraphs of this Complaint as if set forth herein in their entirety.

71. Defendants Decoy Transport and Wojciehowski were negligent in the maintenance of the tractor-trailer involved in the collision of April 20, 2019 and these acts of negligence, combined and concurring with the other acts of negligence of the Defendants as set out herein, proximately caused the collision of April 20, 2019.

72. Defendants Decoy Transport and/or Wojciehowski, as the owner of the tractor-trailer involved in the collision at issue, had a duty to ensure the safety of the tractor-trailer at issue by having it inspected by qualified mechanical personnel to determine the nature and extent of any defects with the brake system or other vehicle components and to ensure that such defects were remedied.

73. Defendants Decoy Transport and Wojciehowski owed a duty to the general public, including Steven Cullinan, to properly maintain the tractor-trailer involved in the collision.

14

74.     Defendants Decoy Transport and Wojciehowski owed a duty to the general public, including Steven Cullinan, to ensure the tractor-trailer had adequate and proper brakes so that it could be brought to a stop within a proper distance.

75.     Defendants Decoy Transport and Wojciehowski had a duty to promulgate and enforce adequate safety rules, regulations, procedures, guidelines, and/or policies to ensure the tractor-trailer was reasonably safe and the public was protected.

76.     Defendant Decoy Transport had a duty to properly train, educate and advise its drivers, including Defendant Wojciehowski, as to how to inspect and to safely operate the tractor-trailer at issue.

77.     The negligent acts and omissions described above, combined and concurring with the negligence of Defendant Menard, Inc., directly and proximately caused the crash which led to Steven Cullinan's death and the damages suffered by his heirs and next-of-kin, as described in the preceding paragraphs.

### COUNT FIVE - VIOLATIONS OF FEDERAL MOTOR CARRIER SAFETY REGULATIONS BY ALL DEFENDANTS

78.     Plaintiff realleges and incorporates herein by reference the allegations contained in the preceding Paragraphs of this Complaint as if set forth herein in their entirety.

79.     The provisions of 49 C.F.R. §§ 301 - 399, commonly referred to as the Federal Motor Carrier Safety Regulations, are applicable to this case and Defendants were required to obey these regulations at all relevant times.

80.     Minn. Stat. § 221.605 requires interstate motor carriers to comply with these federal motor carrier safety regulations.

81.     At the time of the above-described collision, Steven Cullinan was a member of the class of persons said statutes and regulations were intended to protect.

82.     Defendant Wojciehowski, as the operator of a commercial vehicle, owed a duty of care to comply with various Minnesota motor vehicle statutes and Federal Motor Carrier Safety

regulations including 49 C.F.R. § 392.2, which requires that commercial motor vehicles be operated in accordance with the laws, ordinances, and regulations of the jurisdiction in which it is being operated.

83.    Defendants Wojciehowski and Decoy Transport did not properly inspect, repair or maintain - or cause to be inspected, repaired or maintained - the tractor-trailer at issue, in violation of 49 C.F.R. § 396.3 of the Federal Motor Carrier Safety Regulations.

84.    Defendants Decoy Transport and Menard, Inc. permitted the tractor-trailer to be operated not in accordance with the laws of the State of Minnesota, in violation of 49 C.F.R. § 392.2 of the Federal Motor Carrier Safety Regulations.

85.    Defendant Wojciehowski was not qualified to operate tractor-trailers, in violation of 49 C.F.R. § 391.11 of the Federal Motor Carrier Safety Regulations, but Defendants Decoy Transport and/or Menard, Inc. nonetheless permitted Defendant Wojciehowski to operate the tractor-trailer on its behalf.

86.    These violations of the Federal Motor Carrier Safety Regulations, and other violations to be determined in discovery, directly and proximately caused the death of Steven Cullinan and the injuries and damages suffered by Plaintiff, as described in the preceding paragraphs.

**WHEREFORE**, Plaintiff Ellison Cullinan prays judgment against the Defendants and each of them as follows:

A.    As to all counts, for judgment against the Defendants and each of them for special and general damages in amounts to be proven at trial, such amounts in excess of the jurisdictional minimum limits of this court;

B.    For the opportunity to amend or modify the provisions of this Complaint as necessary or appropriate after additional or further discovery is completed in this mater, and after all appropriate parties have been served;

C.    For pre-judgment and post-judgment interest as allowed by law;

D.    For expenses and costs of this action; and

E.  For such other and further relief as the court deems just and proper.

Respectfully submitted,

Dated: May 31, 2019

PRITZKER HAGEMAN, P.A.

By:_____
Fred Pritzker (#88456)
Eric Hageman (#258180)
Attorneys for Plaintiff
2950 PwC Plaza
45 South Seventh Street
Minneapolis, MN 55402-1652
(612) 338-0202
fhp@pritzkerlaw.com
eric@pritzkerlaw.com

## ACKNOWLEDGMENT

The undersigned hereby acknowledges that costs, disbursements, and reasonable attorney and witness fees may be awarded pursuant to Minn. Stat. § 549.211 to the party against whom the allegations in this pleading are asserted.

Dated: May 31, 2019

PRITZKER HAGEMAN, P.A.

By_____
Fred Pritzker (#88456)
Eric Hageman (#258180)
Attorneys for Plaintiff
2950 PwC Plaza
45 South Seventh Street
Minneapolis, MN 55402-1652
(612) 338-0202
fhp@pritzkerlaw.com
eric@pritzkerlaw.com